IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Gary D. Hammond,

    Plaintiff,

v.

Case No. 2:08-cv-1049

Village of Crooksville,
(Dennis Harvey),

JUDGE SARGUS

    Defendant.

## OPINION AND ORDER

Plaintiff, Gary Hammond, filed this action against the Village of Crooksville, Ohio, under 42 U.S.C. §1983. He alleges that on May 21, 2008, he was falsely accused of committing a felony under Ohio law, namely assault on a peace officer. He seeks damages for being both falsely arrested and falsely imprisoned on this charge. His complaint also appears to include a state law defamation claim based on his having been accused of assaulting a peace officer.

The Village has filed a motion to dismiss based on the doctrine of *res judicata*. In its motion, the Village points out that this Court dismissed a prior similar case, involving Mr. Hammond's challenge to his arrest for misdemeanor charges filed at the same time, because he pleaded no contest to and was found guilty of those charges. See Hammond v. Village of Crooksville, et al., Case No. 2:08-cv-541 (S.D. Ohio April 7, 2009). Mr. Hammond has opposed the motion. For the following reasons, the motion to dismiss will be granted and this case will be dismissed.

### I. Procedural Issues

Before reaching the merits of the motion to dismiss, the Court must address a procedural

issue raised by the Village. After Mr. Hammond filed his initial response to the motion to dismiss, and the Village replied, he filed a supplemental opposing memorandum. The Village has moved to strike that memorandum. Mr. Hammond did not respond to the motion to strike.

This Court's Local Civil Rule 7.2(a) contemplates three filings in connection with any motion: a motion and supporting memorandum, a memorandum in opposition, and a reply. Rule 7.2(b) specifically states that no further filings will be allowed unless good cause is shown for their filing. Mr. Hammond has not asserted any reason why he should be allowed to file a supplemental memorandum opposing the motion to dismiss. In any event, it adds nothing to his first memorandum in opposition. Because it is procedurally improper for Mr. Hammond to have filed the supplemental memorandum, the Village's motion to strike that memorandum will be granted.

## II. The Merits of the Motion to Dismiss

The Village's motion to dismiss invokes the doctrine of *res judicata*. Although it is not entirely clear which of the two prongs of the doctrine - claim preclusion or issue preclusion - the Village is relying on, its argument is fairly simple. In the prior case, the Court determined that Mr. Hammond's claim to have been falsely charged and falsely arrested for the misdemeanors he was charged with on May 21, 2008 could not go forward because he pleaded no contest to two of them and was found guilty. This Court held that "[b]ecause plaintiff pleaded no contest to the charges of disorderly conduct and disorderly conduct persisting, he is now estopped from asserting in this Court that he was arrested without probable cause." *Opinion and Order* of April 7, 2009, at 2. The Village argues that because the Court has already found there was probable cause to arrest Mr. Hammond (and presumably probable cause to hold him in jail as well), he

2

cannot relitigate those issues even though the basis for his claim in this case is that the felony charge, which was never followed up on, was not supported by probable cause. The Court concludes that the Village is asserting issue preclusion - that is, that the issue of the legality of Mr. Hammond's arrest and incarceration has already been decided. The Court is not entirely persuaded by this argument, but concludes that the other prong of *res judicata*, claim preclusion, clearly bars Mr. Hammond's claims.

As the Court of Appeals observed in City of Canton v. Maynard, 766 F.2d 236, 238 (6th Cir. 1985):

> As a general proposition of law, there are two branches of res judicata, claim preclusion and issue preclusion. Under the claim preclusion branch, an earlier final judgment on the merits precludes a party from raising an issue in new litigation that should have been advanced in the earlier proceedings.

On the other hand, the doctrine of issue preclusion requires that the issue have actually been raised and decided, and that its decision was necessary to support the prior judgment. See McLaughlin v. Bradlee, 599 F.Supp. 839, 849 (D.D.C. 1984) ("The doctrine of issue preclusion ... states that if an issue of fact or law was actually litigated and determined by a valid and final judgment, the determination is conclusive in a later action").

Either or both of these branches of the doctrine may bar a subsequent suit between the same parties, provided that the basic elements of the doctrine are met. When a federal court is asked to consider the *res judicata* effect of a prior federal judgment, the elements of *res judicata* are (1) a final decision on the merits in the prior case, (2) the presence of the same parties, or their privies, in both cases, (3) the presence, in the second action, of an issue that either was or could have been litigated in the first action, and (4) an identity of claims in both cases.

3

Hamilton's Bogarts v. Michigan, 501 F.3d 644, 650 n.4 (6th Cir. 2007), quoting Walker v. General Tel. Co., 25 Fed. Appx. 332, 336 (6th Cir. 2001). The Court must determine if those elements are present here.

Clearly, the Court rendered a final judgment in Case No. 2:08-cv-541. Further, the parties to the case are essentially the same, and the Village is a party to both. Thus, the issue to be decided here is whether this case involves an issue which either was or could have been litigated in the prior case, and if Mr. Hammond's claims concerning that issue are the same in both actions.

Mr. Hammond is correct when he asserts that the prior case did not involve any decision about whether the felony charge against him was supported by probable cause. Nevertheless, the Village argues that the question of whether Village officers had the authority to arrest him has been decided - they did, because of the misdemeanor charges brought against him at the same time. It also argues that because those misdemeanor charges carried a potential jail sentence upon conviction, those charges supported the Village's decision to hold Mr. Hammond in jail overnight. In other words, the Village claims that the events of May 21, 2008 would have been no different even if the felony charge had not been made.

The Village may well be correct as a factual matter that its officers would have acted the same way even if they did not have a felony warrant for Mr. Hammond's arrest. However, this would seem to be a matter that would require some proof. Certainly, this Court held that his arrest on misdemeanor charges was valid, so any issue about the legality of his arrest was actually decided in the prior case. It is not as clear, however, that the Court actually decided that the misdemeanor charges supported Mr. Hammond's overnight detention. The language quoted

4

above directly addresses only the arrest issue. Perhaps Mr. Hammond would be able to prove, if given the opportunity, that if the only charges against him were misdemeanors, he would not have been taken to jail at all, or would have been released sooner, and that he spent additional time in jail solely due to the felony charge. Thus, issue preclusion may not completely dispose of his claims here.

On the other hand, the doctrine of claim preclusion clearly bars this suit. As stated in Coleman v. Martin, 363 F.Supp. 2d 894, 901 (E.D. Mich. 2005), "[f]ederal res judicata bars not only all matters that were litigated in the first proceeding, but also all issues that could have been litigated. Kale [v. Combined Ins. Co. of America], 924 F.2d [1161 (1st Cir. 1991)] at 1164; Interstate Pipe Maintenance, Inc. v. FMC Corp., 775 F.2d 1495, 1497 (11th Cir.1985); Johnson v. United States, 576 F.2d 606, 611 (5th Cir.1978)." An issue could have been litigated in a prior case, and should have been litigated for *res judicata* purposes, if the facts underlying that issue are the same as the operative, or essential, facts in the prior case. That is, "[n]ewly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." Tahoe Sierra Preservation Council v. Tahoe Regional Planning Agency, 322 F.3d 1064, 1078 (9th Cir. 2003). "When claims arise out a single nucleus of operative of fact (or out of the same'"transaction'), they will be barred even if they involve different harms or different legal theories." Anyanwutaku v. Fleet Mortgage Group, 85 F.Supp. 2d 566, 571 (D. Md. 2000). The purpose of such a rule is to prevent a plaintiff from "splitting" a cause of action and bringing claims against the defendants in piecemeal fashion, thus subjecting them to endless litigation over a single event or series of related events.

Here, there is no question that in Mr. Hammond's prior case, the operative facts were his

5

arrest and incarceration on May 21, 2008, based on criminal charges filed against him by City of Crooksville officers. This case involves the exact same set of operative facts. He challenges the same arrest and the same overnight jail stay here. He simply cannot, consistent with the rule of claim preclusion, challenge the legality of those actions on one theory in a prior case, and then assert a different theory in this case. The law compelled him either to assert all of his claims about the lawfulness of his arrest and incarceration in a single legal action or be barred from filing additional suits to challenge their legality. He did not do that, and under claim preclusion principles, he cannot maintain this action even though the Court may not have addressed the impact of the allegedly groundless felony arrest in the earlier case. The only reason that did not happen is that Mr. Hammond chose not to include that claim in that case, but that choice does not save this case from being dismissed on *res judicata* grounds. Therefore, because the Court finds that the requirements of claim preclusion - that there be "an identity of the facts creating the right of action and of the evidence necessary to sustain each action," Westwood Chemical Co., Inc. v. Kulick, 656 F.2d 1224 (6th Cir.1981) - to be satisfied here, this case must be dismissed.

## III. Disposition

Based on the Court's analysis, the defendant's motion to strike and its motion to dismiss (#8 and #12) are both **GRANTED**. All of Mr. Hammond's federal law claims are **DISMISSED WITH PREJUDICE**. The Court declines to exercise jurisdiction over his state law defamation claim. The Clerk is directed to enter judgment in favor of the defendant.

Date: 8-18-2009

Edmund A. Sargus, Jr.
United States District Judge